**274·15**

## COVER SHEET

IN THE COURT OF CRIMINAL APPEALS
TRAVIS COUNTY, TEXAS
NO. P.D-0274-15

ORIGINAL

PETITION FOR DISCRETIONARY REVIEW
FROM THE SUPREME COURT OF TEXAS
FOR THE COURT OF CRIMINAL APPEALS

**BRUCE EGRIM JOSEPH**
Appellant
VS.
**THE STATE OF TEXAS**
Appellee

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 22 2015

Abel Acosta, Clerk

MOTION ON PETITION FOR DISCRETIONARY REVIEW
TO SUMMARY JUDGMENT'S ORDER
WITH BRIEF IN SUPPORT

FILED IN
COURT OF CRIMINAL APPEALS

MAY 22 2015

Abel Acosta, Clerk

## PARTIES

BRUCE EGRIM JOSEPH
Pro Se Appellant
TDCJ-CID# 01411430
NEAL UNIT   I-210 B
9055 Spur 591
Amarillo, TX 79107-9696

JOHN HEALEY
STATE'S DISTRICT ATTORNEY
268TH JUDICIAL DISTRICT
309 SOUTH 4th Street. 2nd Floor RICHMOND. TEXAS 77469

THE STATE OF TEXAS

# TABLE OF CONTENTS

COVE SHEET _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ Pages
PARTIES _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ i
TABLE OF CONTENTS _ _ _ _ _ _ _ _ _ _ _ _ ii
INDEX OF AUTHORITIES _ _ _ _ _ _ _ _ _ _ iii, iv
STATEMENT REGARING ORAL ARGUMENT _ _ _ _ _ _ _ V
STATEMENT OF THE CASE _ _ _ _ _ _ _ _ _ _ _ vi V
STATEMENT OF PROCEDURAL HISTORY _ _ _ _ _ _ _ V
PETITION FOR DISCRETIONARY REVIEW _ _ _ _ _ _ 1
GROUNDS FOR REVIEW _ _ _ _ _ _ _ _ _ _ _ 5
ARGUMENT AND AUTHORITIES _ _ _ _ _ _ _ _ _ 9
PRAYER FOR RELIEF _ _ _ _ _ _ _ _ _ _ _ _ 14

# INDEX OF AUTHORITIES

Stringer V. State 241 S.W. 3d 52 _ _ _ _ _ _ _ _ _ _ Page 1 of 17

James V. State 196 S.W. 3d 897 _ _ _ _ _ _ _ _ _ _ Page 3 of 17

Dixon V. State 242 S.W. 3d 929 _ _ _ _ _ _ _ Page 3 of 17

Williams Vs. Taylor 529 U.S. 362, 391 _ _ _ _ _ _ _ Page 3 of 17

U.S. V. Herrera 412 F. 3d 577, 581-82 _ _ _ _ _ Page 3 of 17

Kothman V. Genesis Tax Loan Servies. INC 288 S.W. 3d 80-84 503 _ _ _ _ Page 4 of 17

Reversed Citing 339 S.W. 3d 104 _ _ _ _ _ _ _ _ Page 4 of 17

City of Sweetwater V. Waddell 218 S.W. 3d 80, 81 _ _ _ _ _ Page 4 of 17

Houston US. Jones 197 S.W. 3d 391, 392 _ _ _ _ Page 4 of 17

Margan Express 525 S.W. 2d at 315 _ _ _ _ _

Robinso V. Robinson 487 S.W. 2d 713, 715 _ _ _ _

Harper V. Marckle 638 F. 2d 848 _ _ _ _ _ _ Page 6 of 17

U.S. Vs. Rodriguez 2002 WL 13646 _ _ _ _ _

Ake V. Okla 470 U.S. 68, 83 _ _ _ _ _ _ Page 7 of 17

Pate V. Robinson 383 U.S. 375-86 _ _ _ _ _

Brasher V. State 715 S.W. 2d 444 827, 831 _ _ _ _ _ Page 8 of 17

Brady Vs. Maryland 88 S.Ct 1194 _ _ _ _ _

Carroll Vs. State 916 S.W. 2d 494 _ _ _ _ _ Page 9 of 17

Kulzner Vs. State 75 S.W. 3d 427, 432, 433 _ _ _ _ Page 10 of 17

Dinkin Vs. State 84 S.W. 3d 642 _ _ _ _ _

Meshell V. State 739 S.W. 2d 246, 250 _ _ _ _

Rievera V. State 89 S.W. 3d 55, 59 _ _ _ _ _

Shaitikas V. State 836 S.W. 2d 631, 633 _ _ _

Dinkins V. State 894 S.W. 2d 330 _ _ _ _ _

Rabb V. State 730 S.W. 2d 751, 752 _ _ _ _ Page 11 of 17

Rose V. State 752 S.W. 2d 174, 175 _ _ _ _

Ex parte Country 577 S.W. 2d 260 _ _ _ _ Page 12 of 17

Ex parte Hunter 604 S.W. 2d 188 _ _ _ _

Exrel Hill V. Pirtle 887 S.W. 2d 921, 927 _ _ _ _

Eidson Vs. Edwards 793 S.W. 2d 1, 5-6 _ _ _ _

Pirtle Vs. Hill 887 S.W. 2d at 927 _ _ _ _ Page 13 of 17

Edwards Vs. Eidson 793 S.W. 2d at 6 _ _ _ _

Peoser Vs. State 902 S.W. 2d 644, 649 _ _ _ _

Henandez Vs. State 24 S.W. 3d 846, 852 _ _ _ _

Hanley Vs. State 921 S.W. 2d 984, 909 _ _ _ _

Young Vs. U.S. 107 S.Ct. 2124, 2140 _ _ _ _ Page 13 of 17

Daggan Vs. State 788 778 S.W.2d 465 _____ Page 13 of 17

House V. State 947 S.W.2d 251, 256 _____

Daggan v. State 778 S.W.2d at 468 _____

Rule V. State 890 S.W.2d 158 _____ Page 14 of 17

Miller V. State 736 S.W.2d 643 _____

Beverly V. State 792 S.W.2d 953 _____

Adkins V. State 764 S.W.2d 782 _____

EX parte Walker 777 S.W.2d 427 _____

EX parte Guzmon 730 S.W.2d 724 _____

EX parte Drinkert 821 S.W.2d 953 _____

Crgia V. State 847 S.W.2d 434 _____ Page 15 of 17

Doherty V. State 781 S.W.2d 439 _____

Powell V. Albama 287 U.S. 45 _____

EX parte Felton 815 S.W.2d 733 _____

EX parte Welborn 785 S.W.2d 391, 393 _____

Strickland V. Washington 466 U.S. 668, 669 _____

Hertman V. State 726 S.W.2d 681 _____

EX parte _____ 891 S.W.2d 960 _____

United State V. Kladouris 739 F.Supp 1221 _____

Strickland 466 U.S. at 688, 104 S.Ct. 2025 _____ Page 16 of 17

Williams V. Taylor 120 S.ct 1495 _____

Baldwin V. Maggio 70 F.2d 1325-33 _____

Bouchillo V. Collins 907 F.2d 589 _____

U.S. Vs. Green 882 F.2d 999, 1003 _____

Fergazas 933 S.W.2d at 267 _____

State V. Johnson 821 S.W.2d 609, 612 _____

Gaitan V. State 905 S.W.2d 703, 704 _____

Johnson V. _____ 821 S.W.2d at 612 _____

State V. Frye 897 S.W.2d at 324, 330 _____

Cook V. State 940 S.W.2d 623 _____

Gaiton 905 S.W.2d at 706 _____

Cook V. State 940 S.W.2d 623 _____ Page 16 of 17

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is requested.- In-Court. and out-Court Conflict

## STATEMENT OF THE CASE

That the Appellant plead Guilty to the offense of <u>Aggravated Sexual Assault</u> on the 12th day of December 2006. The respondent (State) sentenced the Appellant to <u>35</u> years Confinement on that same date. no direct Appeal was taken from this conviction and Such.his Conviction became final as of January 11. 2007.

Appellant is a Convicted person who is entitled to Counsel and entitled to submit a motion for Forensic DNA. to the Convicting Court. to test of evidence Containing biological material. See Tex. Code. Proc. upon notice. it is incumbent upon the State to properly investigate the Forensic DNA Request and deliver any evidence Containing biological evidence to the Court.or Explain in writing why it Cannot deliver that evidence to the Court:

## STATEMENT OF PROCEDURAL HISTORY

Appellant appealed to the Court of Appeals First District at Harris County. Tx Appellant's notice of Appeal was rendered on the 7th day of October 2014 within these Honorable Judges. Justice Higley.Bland and Sharp.and given their opinion

(1) Appellant filed a motion for Rehearing in the First Court of Appeals and was denyed (filed October 16.2014)(Denyed November 13.2014).

(2) Appellant's Further Motion for Rehearing. filed November 25)(and was denyed December 18. 2014).

(3) Appellant's Motion for En Banc Reconsideration. filed January 2. 2015)(and was denyed February 10. 2015). In which the Honorable Judges Jane Bland for En Banc Court. En banc Court Consists of Chief Justice Radack. and Justice Jennings, Keyes. Higley. Bland. Mossengale. Brown. Huddle.and Lloyd.

Joseph was Charged with Aggravate Sexual Assault.First Degree felony offense. without a plea bargain agreement with the State. Joseph entered a guilt plea before the Trial Judge. in entering his plea involuntarily. Joseph Signed written admonishment by proformaed Hookwink and Bamboozle, rights in a State plea bargain. which State among other things :

V.

Bruce Egrim Joseph
Appellant pro se
VS
THE STATE OF TEXAS
Appellee

IN THE COURT OF CRIMINAL APPEALS
TRAVIS COUNTY, TEXAS

## PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUSTICE OF THE COURT OF CRIMINAL APPEALS:

Now Come Bruce E. Joseph Appellant pro se who files this his Petition for Discretionary Review with the leave of Court and Would Pursuant to Tex. R. App. Proc. 66, 66.3 (F), 67, 67.1, 68, 68.3, 68.5. Who ask that this Court review the Court of Appeals decision are in Stringer V. State 241 S.W. 3d 52 (Tex. Crim. App. 2007) and he Would show unto the Court as the following:

### I.

On the 18th day of April 2014 Appellant filed his Notice to Court of Appellant's Motion and Requests for Post-Conviction Forensic DNA testing and Appointment of Counsel and and Appointment of investigator and to premit the Examination of the Appellant and for Authority to incure Expenses and to testify free from impeachment by prior Convictions.

In Support of Such Motion Appellant has Showed the Court as follows: of Evidence Containing bitoto biological Material.

### II.

On the 14th day of July 2014 Appellant received a response from the Respondent on the Appellant's Motion and Request for post Conviction Forensic DNA testing... Appellant notice in the State's Respondent Motion. There were not an Judgment ORDER. It was striped out from its Motion. Page 13.14 Was not in the State's motion to Show the ruling of the Judgment. Which is the primary Order of the Court Judgment or the Appealable Order is Signed.

### III.

On the 18th day of August 2014 Appellant received the Trial Court Signed Order. that was missing from the State's Respondent Motion. The Order Showed it was Signed on the 8th day of July 2014. page 13,14 attached to the Clerk Cover Sheet. date August 12, 2014. The Court Order was Signed 35 days before the Clerk decided to mail, give notice to the Appellant. Five days after the dead-line and 41 days had done elapsed before the Appellant received the trial Judgment ORDER:

The Unit Mail Room Keeps a lodge book on all inmate legal mail-outgoing for in-Comings. This above mention date Can be Verifiable through the Neal Unit Mail Room, by Conference or Phone (No. 1-806-383-1175 - EX 5131

## IV.

Appellant pro se (Bruce E. Joseph) did filed his notice of Appeal on the 26th day of August 2014, eight days after receiving the Trial Court Signed Judgment ORDER. )( By placing Same in the U.S. Posted Mail Box.) Under Fed law ) 28 U.S.C. Sec 1746; (State law).

## V.

Appellant pursuant to the Tex Rule of Civil Procedure 306 a (4) No Notice of Judgment; If within twenty days. when the final Judgment or Appealable Order is Signed, the clerk of the Court Shall immediately give notice to the parties or his /or her attorney, by if neither received the Notice required by paragraph (3) of this rule nor acquired actual knowledge of the Order, then with respect to the party all the periods mentioned in paragraph (1) Shall begin on the date that Such party or his Attorney received Such notice or acquired actual Knowledge of the Signing, whichever occurred first, but in no event Shall period begin more than ninety days after the Original Judgment or other appealable Order was Signed. "This Order is the Concern of Appellant's Notice to Court of Appellant's Requests for Post-Conviction Forensic DNA testing. Date on the 18th day of April 2014."

## VI.

67.1

Appellant's Notice of Appeal was rendered on the 7th day of October 2014 with these Honorable Judges. Justice Higley, Bland, and Sharp, and given their Opinion, but failed to notice the Appellee Respondent, the clerk did and there unlawful intentionally and knowingly striped the order from the State's motion to deny Appellant (Bruce Egrim Joseph) of his motion and Request for Post-Conviction Forensic DNA testing of evidence Containing biological material. the clerk did then and there Caused the delay/deadline to over lapsed by striping out the first Trial Court Signed Order. "Then Sent it to him (Appellant on a later date August 12, 2014.

## VII.

Appellant pro Se (Bruce E. Joseph) filed his Appellant's Motion for Rehearing / and objection on the 16th day of October 2014.

## VIII.

Appellant's motion for Rehearing was Order denied on the 13th day of November 2014 with these Honorable Judges. Jane Bland, Higley, Bland, and Sharp, and given no opinion.

## IX.

Appellant's pro Se (Bruce E. Joseph) filed his Appellant's Further Motion for Rehearing on the 25th day of November 2014.

## X

Appellant's Further Motion for Rehearing was rendered on the 18th day of December 2014 within these Honorable Judges Justice Higley, Bland, and Sharp, and without Modifying or Vacating their Judgment or issue a different Opinion.

## XI.

Appellant pro se (Bruce Egrim Joseph) filed his Appellant's Motion For En Banc Reconsideration on the 2th day of January 2015. By placing same in the U.S. Posted mail Box) (under Federal Law) 28.U.S.C. 1746).

## XII.

Appellant's Motion for En Banc Reconsideration was rendered on the 10th day of February 2015. In which the Honorable Judges Jane Bland acting for En Banc Court. En banc court Consists of Chief Justice Radack and Justice Jennings, Keyes, Higley, Bland, Massengale, Brown, Huddle, and Lloyd.

The final Judgment denied Appellant's Appeal, and Motion for Rehearing, and Further Motion for Rehearing, and Appellant's Motion for En Banc Reconsideration. Appellant assert that this Petition for Discretionary Review is based on these final Judgment on the above date. In which The Honorable Judges Jane Bland dispose all parties to establish. New Jurisdition as being the Criminal Appeals Court. The Supreme Court of Texas. Statutory provision Jurisdiction pursuant to Texas Rule of Appellate Procedures. "For Review" The Court of Appeals had-ed Subject Matter Jurisdiction to review Whether the trial Court was required to Appoint Counsel for Appellant on his motion for Post Conviction DNA testing before denying Appellant. "See James V. State 196 S.W. 3d 897 (App. 6 Dist 2006) and Dixon V. State 242 S.W.3d 929 (Crim Law (App. 5 Dist 2008).

R-663: Reason for Granting Review          XIII. Reason Why Review Sure be Granted

Appellant petition this most Honorable Court of Criminal Appeals to Review his Notice to Court of Appellant's Motion Requests for post-Conviction Forensic DNA testing and Appointment of Counsel, and Appointment of investigator and to permit the Examination of the Appellant and for Authority to incure Expenses and to testify free from impeachment by prior Convictions, In the interest of Justice With the leave of Court. In support of Such motion Appellant Will Show the as follows, to Wit based on the following grounds there, in Which Appellant has acted with due diligence in bring the Case forward for an Evidentiary hearing to be held in this regard according With and Complaince. William Vs. Taylor 529 U.S. 362, 391 (2002); See also U.S. V. Herrera 412 F.3d 577, 581-82 (5th Cir. 2005). That the Undersigned Attorney is Counsel of record and Should be hereby appointed an Court Appointed Attorney of record for the Appellant pro se in this procedings.

In this review for Appellant in the above Styled and Numbered Cause of Action, the Court Will find that the Respondent's erred in failing and Appellant's Attorney failed

to file for forensic DNA testing, accompanied by affidavit under Oath by the Respondent and Appellant's Attorney. Pursuant to Tex. Code of Criminal. Procedure Article 64.01 (a)(b), (B), (C), (2) for the trial Court to rule on in pertinent parts and Appellant invokes his right's under Vernon's Ann. Texas Constitution Article 1.§ 3a..., 1.§ 9..., 1§10..., 1§13..., 1§14..., 1§19.). See Kothman v. Genesis Tax Loan Servies, Inc. (App. 7 Dist 2009) 288 S.W. 3d 503 rehearing over Ruled, review granted, reversed 339 S.W. 3d 104.

## XIV.

Appellant's twelve (12) grounds of his points of grounds Submitted for review to this Honorable Court, and the Court should order the Respondent the opportunity to address those 12 grounds /provision and any other argument Appellant have, still have in this trial Court. See City of Sweetwater Vs. Waddell 218 S.W. 3d 80, 81 (Tex 2007); (Per Curiam); City of Sweet Houston vs. Jones 197 S.W. 3d 391, 392 (Tex 2006)(Per Curiam). To which he is Justly entitled to as Order by this Court.

## XV.

(1) "In review" Criminal Appeals will see that Appellant has Content [Contend] for reasons that are of nature regarding a due Course of Law Violation and in the interest of Justice ... A DNA testing is required to remedy a Wrongful Conviction.

(2) The Court Will see that Appellant Contend for a review of the record support a Violation of Art 38.23 Vernon's Ann C.C.P. Where a suppression hearing on the evidence was not provided to Support a Conviction. The Statutory requirement was not met under Vernon's Ann. C.C.p. Art 38.41 and the Chain of Custody was not establish where evidence Conflicts with Appellant's Conduct and result... Art 38.42

(3) The Court Can also review that Appellant request that to ensure the preservation of the evidence was not been Served with notice by the Attorney representing the State, Clerk, or other officer, of any plans for destruction of evidence. Vernon's Ann C.C.P. Article 38.42 (b), (c), (d), (1), (d), (2).

## XVI.

Appellant has exercised due diligence and through no fault of his own is unable to obtain record, Materials and relevant record of the evidence. A new trial may be required in order to preserve Appellant's Rights to Appellate review. See Margam Exact Express 525 S.W. 2d at 315 Citing Robinson V. Robinson 487 S.W. 2d 713, 715 (Tex. 1992).

## XVII.

That this Court Should not rule out the Key factor of the Victim and the prosecutor Conspired together with other by use of perjury testimony resulted in Criminal Charges.

## LISTEN THE APPELLANT'S 12 GROUNDS FOR REVIEW

### Ground Number One of Point of Error for Review Number one

### Actual Innocent
### Facts Supporting Ground Number One  Summary of the Argument

On the about date Approximate 09:15 A.M. on the 9th day of May 2005. Appellant had an altercation with his Com-Law wife Concerning their relationship. Complaint Was filed against Appellant in Harris County. TX (Houston) through Houston police Department. Appellant having no Knowledge of it. not until his arrest on the 19th day of May 2005 - Charged Appellant (Bruce Egrim Joseph) with the felony offense of Aggravate Sexual Assault. that he did not Commit. [H]E is actual innocent of.

### Ground Number two of Point of Error for Review ~~for~~ Number two

That the trial Court Committed Reversiable error When the trial Court erred by failing to make the required findings pursuant. Tex.Code.Crim.Proc.Art.64.03

### Facts Supporting Ground Number two Summary of the Argument

The Tex. Code. Crim. Proc Art 64.05 Allow (Appellant-Applicant. Bruce Egrim Joseph) The opportunity to Appeals findings under Article 64.03. Supra. The trial Court failed to make ~~to the~~ the required findings under Article 64.03. Supra. Thus, denying the Appellant the right to Appeal Such findings.

### Ground Number three of Point of Error for Review Number three

Whether the Court of Appeals erred in holding that Appellant had no Standing to Challenge the Constitutionality of the effective date of the Amendments to the Second half of Article 64.03?

### Fact Supporting Ground Number three Summary of the Argument

~~Appellant was denied due process of law Under the 5th and 14th Amends. When the trial Court.~~ Appellant is entitled to Challenge the Court Constitutional Amendment of effective date. Art 64.03 of the Second half of this Court in which he was deprived of his right of fundamental fairness to be Submitted to the jury and Was not.

<u>Ground Number Four of Point of Error for Review Number four</u>

Appellant ~~is entitled~~ Was denied due process of law under 5th and 14th Amends. When the trial Court denied to recuse the prosecutor, the Trial Judge, and defense Counsel, Since the prosecutor or, the Trial Judge, and defense Counsel was personally biased against him and had a Actual Conflict of interest.

<u>Fact Supporting Ground Number four Summary of the Argument</u>

The records Clearly show an out of Court and/or in Court, pretrial dispute between these parties of the prosecutor, defense Counsel, trial Judge, Houston Police Department, and Fort Bend, County, and Appellant regrading the lack of Jurisdiction indictments, etc. Even the defense Counsel along with the trial Judge and other admited the incident had Occurred and later Clamimed lack of Jurisdiction (8 months later) and now Appellant is a Victim of Miscarrage of Justice. The prosecutor, defense, and trial Judge had a Conflict of interest and was biased against Appellant. Because of the Actual Conflict of interest and the prosecutor's trial Judge, and defense Counsel's bias and Animosity against Appellant, the due process rights of Appellant were violated when the Trial Court Judge, defense Counsel, and prosecutor refused to remove themselves from the case. If the Appellant-Applicant did not object and actual Conflict ~~of interest did in facted~~ was not apparent to Judge, and then the Appellant had to show that actual Conflict of interest did in facted exist and that actual Conflict of interest adversely affected his attorney proformance, the prosecutor, and the Trial Judge performance. See Harper V. Marckle 638 F.2d 848; 572 F.2d 52; 604 F.2d 976; 233 F.3d 592; 196 F.3d 762.

But in this case at bar, the trial Judge, prosecutor, and defense Counsel knew or reasonably Should have Known about any apparent actual Conflict of interest and failed to make an inquirey, and Applicant-Appellant required to show that there was an actual Conflict of interest in order to justify reversal of Conviction and new trial. See Also U.S. vs. Rodriguez 2002 WL 13646 (5th Cir. 2002).

<u>Ground Number five of Point of Error for Review Number five</u>

Appellant Counsel's failed to file a motion to Quash both all of the indictments Should have been filed and granted because incorrest Statutory language was pled.

**  Fact Supporting Ground Number Five Summary of the Argument**

The Motion to quash both indictment Should have been filed and granted because the indictments was fatal and Constitutional defective and used the incorrect I statutory language in an attempte to allege a offense that did not exist or enhance a State Jail felony. Appellant was forced to trial on an indictments that did not properly allege an offense or an enhancement of an offense. Thus, the trial Court did not have Jurisdiction to entertain his plea to a void indictment allegeing a Aggravated Sexual Assault did not exist or enhancement of punishment based on Tex. Penal Code. Ann. Section 22.021.

**Ground Number Six of Point of Error for Review Number Six**

Appellant's indictment Should have been quash because it failed to plead a Mental State regarding the Sexual Assault.

**Fact Supporting Ground Number Six Summary of the Argument**

Both of the State's indictments which attempted to allege a Sexual Assault offense or enhance should have allege a Mental State indicating that Appellant knew or was reckless or Criminally Negligent about the existance of the Sexual Assault that did not occur or happen by the alleged victim, his girlfriend. Ms. <u>Cassandra Williams</u>. Since the Sexual Assault Substantially increased the possible punishment fundamental fairness and due process required that the State be required to plead and prove a Mental State showing Appellant ~~knew~~ knew or Reckless or Criminally ~~Net~~ Negligent about the location of the Sexual Assault that did not occur or existed or happened.

**Ground Number Seventh of Point of Error for Review Number Seventh**

Appellant Contends that the trial Court erred by and through his Court-Appointed and retained Counsel. Attorney Mr. <u>Ronald C. Nicholas</u> denying his lawful request when his own Court-Appointed and retained Attorney failed to petition the Court when Appellant requested for a psychiatric examination for Competency to Stand trial. See Ake v. Okla' 470 U.S. 68, 83 (1985) Pate v. Robinson 383 U.S. 375-86 (1966). T.C.C.P. Art. 46 B. 003 through 46 B. 006.

**Fact Supporting Ground Number Seventh Summary of the Argument**

Appellant lacked Sufficient ability to consult with his attorney or to understand the proceeding against him.

## Ground Number Eighth of Point of Error for Review Number Eighth

Whether a request is an indispensable pre requisited to disclosure of exonerating evidence by the State?

### Fact Supporting Ground Number Eighth Summary of the Argument

Respondent failed to disclosure rape Kit in connection my Attorney

## Ground Number Nine of Point of Error for Review Number Nine

Whether material evidence favorable to an Accused should be disclosed by the State without a request where such evidence is not recorded?

### Fact Supporting Ground Number Nine Summary of the Argument

The police report and other evidences, etc.

## Ground Number Ten of Point of Error for Review Number ten

Whether denial of due process of law is Contingent upon a request where a State Knowingly permits use of perjued false testimony to remain uncorrected

### Fact Supporting Ground Number ten Summary of the Argument

Ms. Cassandra Williams. Submitted false Statement to the Police Dept. She fabricated the alleged Sexual Assault. "She intent to deceive" She Knowingly made this false statement. With the properly investigation. Will prove that Ms. Williams is a Compulsive lie. Appellant is not the only person false imprison behind her and her alleged Witness, Mr Pitts. Accusation, She made a false Statement under Oath and/or Swear to the truth of a false Statement that was made and that Statement required Authorized by law to be had under Oath. See Brasher V. State 715 S.w.2d 827.831 (Tex. App.- Houston [14th Dist.] 1986. No Pet.).

## Ground Number Eleven of Point of Error for Review Numbe Eleven

When a prosecutor show their entire file to the defense Attorney, not to the Accused, but none of the exnorating iteams of evidence are contained in said files, does that Satisfy the prosecutor duty of disclosure under the rule of Brady vs. Maryland 88 S.Ct. 1194 (1963) deprived him of a full and fair impartial trial?

### Fact Supporting Ground Number Eleven Summary of the Argument

Appellant was denial of fundamental Fairness of a fair trial by his Attorney, prosecutor, and failed to disclose facts of use of perjury of statement or testimony without withheld by Attorney, and prosecutor, Police Department.

## Ground Number Twelve of Point of Error for Review Number twelve

Whether none-disclosure of the prosecutor, Police Department's is inputable to the prosecution-in-Chief?

## Fact Supporting Ground Number twelve Summary of the Argument

Prosecutor has a Constitutional duty and the defend has a Constitutional duty under the Brady's rules to disclosure all material and relevant evidence favor to the accused, which was not done;

Whether the State Committed reversiable error by prohibitting Appellant from Cross-examing state witness and the victim Concerning Criminal Charges of sexual Assault violated Appellant's rights to Confront witness and the victim against him under the rule of Carroll vs. State 916 s.w. ad 494 (Tex. Cir. App. 1996)?

Appellant has under the United States and Texas Constitution to Cross-examined the victim for the truth funetion process as well as the 6th and 14th Amends, rights in which he were deprived of this such rights by his Counsel. and State prosecution denied his due process right and Equal protection under the law.

## ARGUMENT AND AUTHORIES

Appellant argues that article 64.05, supra, states in pertinent Part:
(A). An appeal of a finding under Article 64.03 is to a Court of Appeals... Article 64.03, supra, states in pertinent Part: (a) A Convicting Court may order Forensic DNA testing only if: (1) The Court finds that: (A) The evidence: (i) still exists and is in a Condition making DNA testing possible; and (ii) Has been subjected to a Chain of Custody sufficient to establish that it has not been Substituted, Tamper with replaced, or Altered in any material respect; and (B). Idenity was or is an issue in the case: and. (2) The Convicted person established by a preponderance of the evidence that: (A) A reasonable probability exit exist, that the person would not have been prosecuted or Convicted if exculpatory result had been obtained through DNA testing; and. (B). The request for the proposed DNA testing is not made to under unreasonably delay the execution of sentence or administration of justice. (C) If the Convicting Court finds in the affirmative the issues listed in Subsection (a)(1). the Court shall order that the requested DNA Testing be Conduted.

Appellant, pursuant to Tex. Code of Crim. Proc. Art. 64.01 the trial Court Court to rule on the Motion in pertinent part, by granting Appellant-Petitioner, Bruce Egrim Joseph's Number 1 request that the Fort Bend County in connection with Harris County, Tx District Clerk Office, Police Dept, District Attorney Office, and Appellant's Attorney Office be and here by Ordered to Submit the evidence if any for reexamination, Inspection, Copying and testing to determine if Biological iteams exist including, but not limited to, Cloths, Finger prints, Rape Kit, Forensic Anthrophology, Ballistics, bite Marks, blood Stain, Pattern Analysis, DNA Erithrom Entomology, Bimanous test, plograph test, prints (Fisher, Foot, ear, Vaire); Trace evidence, or Other Scientific evidence established Appellant Actual innocence, etc., and the location found, and Who, When, Where, How and Why, etc., and if So, to immediately begin Compre-hensive DNA testing on this physual evidence to uphold Such Criminal Conviction in this regard is based upon the false evidence of Representation of false information in the records with the notation that "State Actors" Named Respondents herein has already Complied with as Ordered by the Court accordingly to the Law." See Art. 64.05, Supra, Kutzner Vs. State 75 S.w. 3d 427, 432, 433 (Tex. Crim. App. 2002) Dinkins Vs. State 84 S.w. 3d 642, No. 74, 240 (Tex. Crim. App. Slip. Op. Delivered September 11, 2002 at P. 4) Meshell V. State 739 S.w. 2d 246, 250 (Tex. Crim. App. 1989) Rievera V. State 89 s.w. 3d 55, 59 (Tex. Crim. App. 1997) 2002) (Refering to Article 64.03 (A)(1) and Article 64.03 (A)(2) as to Separate "Require-ments" and Applying different Standards of review to each Requirements"), Shaitikas V. State 836 S.w. 2d 631, 633 (Tex. Crim. App. 1992) Dinkins V. State 894 S.w. 2d 330. For DNA EXamples, Evidence that would negotiate post-Con-viction DNA testing based on the issue of Idenity would be for Example, (1) That another individual of Petitioners Size or likeness was responsible for the pene-tration of the Victim which Confessed or pressured the victim into making a false identification, (2) The petitioner would not have physically have been present be-cause he was out of the area at the time of the offense, or (3) that a Stain Containing DNA belonging to an unknown individual was found on that Victim and had Petitioner's identity DNA been tested he would have been excluded as a Contributor of the Stain.

All these Can Concern the petitioner's identiy, Although this list is not exhaustive, Petitioner in this petition, Cited these examples as to how DNA testing would have exculteded him.

## XIX.

The Constitutionally of a statute Creating the crim for which Appellant has Convicted. Can be raised for the first time on Appeal. See Rabb V. State 730 s.w.2d 751,752 (Tex. Crim. App, 1987). The Constitutionally of a Statutes may be raised for the first time on Appeal if the Appeal is from a Conviction "based on the Statute. see Rose V. State 752 s.w.2d 174,175 (Tex. App. San Antonio 1991 No Pet). Clearly Appellant's Conviction and enhanced Sentence was based on this Statute Tex. Penal Code Sec. 22.021 the law is Constitutional, Vague, Overbroad, and internally inconsistent both on its face and as Applied in to Violation of the 5th, 6th, 14th Amendments.

## XX.

Appellant has presented this Case to the Honorable Court with the opportunity to fully and Carefully "Review the Sexual Assault Law, and have it was applied to Appellant in this particule Case. Appellant states Submit that Such a Review will Show he was unconstitutionally denied due process of law and Equal protection of the Law in the Application of this Statute (Texas Penal Code Sec. 22.021 to him in this particular Case. These issues above Should be decided in favor of Appellant.

The Texas "Sexual Assault" law has been Amended Several times and the Amendment have preduced Conflicting and Confusing results, for a discussions discussions of this particular issue and Confussion it had Created.

## XXI.

IT is clear from the face of the indictment that the State erred and Used the incorrest Statutory Section in its effort to alleged a "False Sexual Assault offense or enhanced Appellant's possible Sentence, Under the fact of this Case, the State Should have alleged the language of Section 22.01 However the State did not do that and is now bound by its dicrsion. Appellant's Counsel failed to file a motion to quash, and he was fored to trial on an indictment Which did not properly state an offence and it did not properly alleged the enhanced portion of the offense as required by Section 22.01, further Counsel did not protected Appellant from further Jeopardy particulary Concerning the fact the Appellant had been indicted from the Same offense in another County. (Rule 44.4) and in another indictment, before Ft. Bend County, TX indictment, See indictment No's 1027592,1046076 of Harris County, TX (Houston) and last Fort Bend County, TX indictment No's 43,408; 43,408A If an indictment doe dose not allege an offense under the law of Texas, the indictment is Void and

the Court never had Jurisdiction to entaine on accused plea. See Ex part Country 557 S.W. 2d 260 (Tex. Crim. App. 1997). Tex. Code Crim. Proc Ann Section 21.02 (5), 21.03, 21.11. Ex part Hunter 604 S.W. 2d 188).

In this Case the Indictment was Void as alleged, thus the Court never had jurisdiction over any offense greather than a State jail felony of simple Assault. Appellant's claims on this issue should be sustained. Appellant was indicted for Sexual Assault. Thus, under the facts of Appellant's case, the correct statutes that increased the punishment was Section 22.021. The Motion to quash and trial Counsel's failure to make a Statement to point out the indictment did not track the language of the Appropriate Statute, the motion should have noted that statute required the indictment to allege the victim Cassandra Williams, was not Sexual Assault by her own Concent, not forced as alleged in the indictment [emphasis Supplied]. Defense Counsel should have claimed the indictment did not give Sufficent notice as to which statute the State was proceeding under. Defense Counsel also did not object as did the Motion to quash did not State if filed by Defense Counsel, that the word "Sexual Assault" was not specific enough. The portion of the indictment which attempted to allege a Sexual Assault that did not Occured offense or enhancement should have alleged A Mental State indicating that Appellant knew or was Reckless or Criminally Negligent about the existance of the Sexual Assault. Since the "Sexual Assault" Sustanlially increased the the possible punishment fundamental fairness, and due process required that the State be required to plead and prove a mental State showing Appellant knew or was Reckless or Criminally Negligent about the location of the Sexaul Assault that did not Occurr, and State failed to allege a Culpable Mental State, and failed to alleged the manner and means of this alleged Sexual Assault and pleads the requisite mental state. This is in addition to the incorrest Statutory Wording problem noted eariler; i.e. the indictment allege Aggrauated Sexual Assault in the wrong County that lacked Jurisdiction that did not Occurr.

Appellant recognized Current Case law, which holds that a Court generally does not have the power to remove a prosecutor, Judge or defense Counsel from a Case. See State ExRel Hill Vs. Pirtle 887 S.W. 2d 921, 927 (Tex. Crim. App. 1994) State Ex Real Eidson Vs. Edwards 793 S.W. 2d 1, 5-6 (Tex. Crim. App. 1990). However, a Conallary to this rule is that if a prosecutorial Misconduct or Judge Judical Misconduct or defense Counsel ineffectiveness or actions rise to the level of depriving a accused [Bruce Egrim Joseph] of due process Rights, then the Case law implies that

A Court Could take some actions. See Pirtle 887 2d at 902 927. Edwards 793 S.W. 2d at 6 see also Puser vs. State 902 S.W-2d 644,649 (Tex. App. El paso 1995, Pet Ref'd). Henandez vs. State 24 S.W. 3d 846, 852 (Tex. App. Elpaso, 2000 pet Ref'd) Hanley V. State 921 S.w. 2d 984, 909-910 (Tex. App. Waco 1996, Pet Ref'd).

For Example, In the present Case, the prosecutor had manifested out of Court bias against Appellant. He had been involved in a "Road Rage" incident with Appellant, had exchanged obscenities with him, had followed him, Under the circumstances of this Case, Appellant's due process Rights were violated when trial Court did not remove the prosecutor, the trial Judge and the defense Counsel from further involvement in Appellant Case.

The United State Supreme Court has said that "A Concern for <u>Actual Prejudice</u>... misses that point, for what is at Stake is the public perception of the integrity of our Criminal Justice System". [emphasis in Original]. Young vs. U.S. Exrel Viutton Et. Fils S.A. 481 U.S. 787, 107 S. Ct. 2124, 2146, 95 Led 2d 740 (1987).

Therefore, if a prosecutor, or Judge or defense Counsel is pushing forward when ethical Considerations might require that he or she pull back or Withdraw from the Case entirely. A Court should look not only to the actual prejudice but to the appearance of Justice. House V. State 947 S.w. 2d 251, 256 (Tex. Crim. App. 1997)

A prosecutor or a Judge or a defense Counsel is a Trustee of the State's interest in providing a Fair Trials. He or She is more than a mere advocate and is A fiduciancy to fundamental principles of fairness. Daggan V. State 778 S.w. 2d 465, 468 (Tex.Crim. App. 1989)

The prosecutors of Harris County, TX. "Donna Hawkins, and Fort Bend County, TX. "Celena Vinson", and Defense Counsel "Ronald C. Nicholas, and Trial Judges of Harris County, TX "Devon Anderson", and Fort Bend County, TX "Brady Elliott, all had an inherent actual Conflict of interest resulting from his or her eariler out of Court and/or in Court rage Confortation with Appellant's & Counsel: and the example of eariler case law out of Court "Road Rage" Confrontation with Appellant. Because of this actual conflict of interest, the prosecutor, the defense Counsel, and Trial Judge Could no longer serve as the trustee of the State's interest in insuring a fair trial for Appellant, ....

Nor Could he or she be a fiducianary to fundamental principles of fairness. See Duggan V. State 778 S.w. 2d at 468.

However, the Trial Court had sufficient information before it, based on Appellant's Version and the ~~victim's version of the~~ and the prosecutor's Version and the Victim's Version of the Confrontation and Argument and the Sexual Assault that did not occour

to have concluded that the potential existed for Appellant to have suffer Actual prejudice if the particular prosecutor, trial Judge and defense Counsel continued on the Case against Appellant.

This Case is simply to great for the Court to allow the prosecutor, trial Judge and defense Counsel to Continue on, Considing their Actual Conflict of interest.

Appellant's Contention in this issue should be sustained. Appellant is a Victim of the prosecutor, trial Judge, and defense Counsel and a Victim of Miscarriage of Justice, and Shows their state of mind at the beginning of the arrest, and trial, and sentencing phase, with thir mindset.

Texas has long held that if an Police Officer seek to levy charges against a suspect, those charges must be supported by Sufficient information to support an independant Judgment that probable Cause exists that a Crime was committed or is being Committed. Allegations by police officers that only lead them to believe that a Crim is being committed are insufficient to support a Warrant, must less Warrantless police action. Rule V. State 890 S.W. 2d 158 (Tex App, Texarkana 1994); Miller V. State 736 S.W. 2d 643 (Tex Crim. App. 1987). The arresting officers in Appellant's case does not Come close to the standard that probable cause requires to exist, prior to an officer Making a Valied Warrantless arrest. Art 14.01 Tex. Code. Crim. Proc. (Vernon's 1994); Beverly V. State 792 S.W. 2d 449 (Tex. Crim. App. 1989); Adkins V. State 764 S.W. 2d 782 (Tex. Crim. App. 1988).

All three, the prosecutor, trial Judge and defense Counsel dropped the ball. Then, after the plea was entered and Appellant was sentenced, trial Counsel failed to file a notice of Appeal to assure, that when Appellant was transferred to T.D.CJ ID prison facility, that notice of Appeal was on file in this case. Ex Parte Walker 777 S.W. 2d 427 (Tex. Crim. App. 1989). Couple these acts of Ineffective Assistance with all Counsel's failure to properly parpare Appellant to give sworn testimony, at a local hearing and in affidavits appended to the suppression Motion should have been filed, was harmful and Remains harmful to Appellant. Ex. Parte Guzmon 730 S.W. 2d 724 (Tex Crim. App. 1987). Trial Counsel failure to protect the Appellant from the Residual effects of the Sexual Assault indictment he did not Committ was harmful. Ex Parte Drinkert 821 S.W. 2d 953 (Tex. Crim. App. 1991).

It is also clear that, Mr. Ronald C. Nicholas, defense Counsel accepted the State theory of the case. He accepted the fact early on that Appellant was guilty, and there was absolutely no defense. Quitting and Just accepting the State's Case is harmful.

Craig v. State 847 S.W. 2d 434 (Tex. App. El Paso 1993 No pet). In effect, all counsel simply conceded Appellant's guilt, so he never had a chance. Doherty v. State 781 S.W. 2d 439 (Tex. App. Hou. 1st Dist. 1989, No Pet). Rather than seeking out and raising issue that are calculated to reverse any conviction on Appeal perfecting the records on Appeal on issue that are calculated to reverse any conviction, on Appeal, they conceded the guilt and defeat. In so doing, at least on issue that have been won on Appeal was not raised at the trial level. Ch. 14.01 T.C.C.P. (Vernon's 1994)

Appellant had received 35 years sentence. With no notice of Appeal filed by either trial counsel. Appellant had a right to Appeal the sentence can bring only one conclusion. Appellant had no chance with that degree of ineffectiveness of counsel.

Appellant invoke his right's Under U.S. Const. Amend. VI and XIV; Tex. Const. Art. 133a, 139, 1310, 1313, 1314, 1319; Powell V. Albama 287 U.S. 45 (1932). Even through the effectiveness of counsel is Ordinarily gauged by the totality of the representation. A single error, if Sufficiently egregious, can Constitute ineffective Assistance. See Ex Parte Felton 815 S.W. 2d 733 (Tex. Crim. App. 1991). (see Ex Parte Welborn 785 S.W. 2d 391, 393 (Tex Crim. App. 1990) Trial Counsel is never alleviated from the burden of putting the State's Case to that "Adversarial testing process" Contemplated by Strickland Standard. Strickland V. Washington 466 U.S. 668, 689, 104 U.S. 2052, 2065 1984). Finally, Counsel's performance Should be review in light of the law regarding the emergence of Texas law as Controlling over federal Constitutional Standards. In light of Hertman V. State 726 S.W. 2d 681 (Tex. Crim. App. 1991). Counsel, failure to raise Chap. 14 Texas Code of Criminal Procedure of Hertman, Supra with respect to the greater protection against illegal arrests and Searches and Seizures, Counsel ignored Appellant's only avenue for acquittal. Under the 14th Amend. U.S. Const. all that was done by the police officers was done Without a Warrant and without Probable Cause.

This Case was never tested by defense Counsel at any level. This Court Should Review the records in total and reverse this Cause for new trial finding that Counsel was ineffective either individually or Collectively and that Appellant was both harmed and prejudiced by the lack of representation. Ex Parte 891 S.W. 2d 960 (Tex. Cr. App. 1995) United State V. Kladouris 739 F. Supp 1221 (N.D. Ill. 1990) Kubat v. Thiret 867 F. 2d 351, 370 (7th Cir. 1989).

This Court Should grant Appellant an evidentiary hearing on whether he

had been denied the opportunity to testify on his own behalf. Appellant argues that his trial counsel was ineffective for failing to investigate and gather, and consequently failing to present mitigating evidence during his sentencing phase of the trial. Under the 6th Amendment pretrial inquiry into the defenses that might be offered in mitigation of punishment, and Counsel's performance was deficient and counsel failed to investigate his client's background to see if he were in prison and that the deficient performance prejudiced his defense and Counsel's per Performance "Fell below an objective standard of reasonableness" as measured by professional Norms. See Strickland 466 U.S. at 688, 104 S.Ct. 2052; Williams V. Taylor 120 S.Ct. 1495 (2000) Baldwin V. Maggio 704 F.2d 1325, 1332-33 (5th Cir. 1983) Bouchillon V. Collins 907 F.2d 589 (5th Cir. 1990) Appellant show that there is at least "A reasonable probability that, but for Counsel's unprofessional errors, the result of the proceedings would have been different". See also. U.S. vs. Green 882 F.2d 999, 1003 (5th Cir. 1989). Appellant argues that the court of Appeals stated that a trial court may not dismiss an indictment with prejudice without the prosecutor's consent, except as authorized by the Constitution, a Statute, or Common Law. Feraazas, 933 S.W.2d at 267. Citing State V. Johnson 821 S.W.2d 609, 612 (Tex. Crim. App. 1991) and Gaitan V. State 905 S.W.2d 703, 704 N.4 [Tex. App. Hou. 14th. 1995 pet. Refd). The Appeals Court of Appeals further observed that a trial court is authorized to dismiss an indictment with prejudice: (1). For a defect of form or substance: (2) For the denial of the Constitutional Right to a Speedy trial; (3). Under Article 32.01 of the Code of Crim. Proc. When a person is detained and no charging instrument is properly presented: and (4). If prosecutorial misconduct prejudically violates a defendant's [Mr. Bruce Egrim Joseph's] Rights to Counsel, and the exclusion of the evidence will not cure the prejudice. Id. Citing Johnson 821 S.W.2d at 612 N.2; State V. Frye. 897 S.W.2d at 324, 330 (Tex. Crim. App. 1995) and Gaitan 905 S.W.2d at 706 Cook V. State 940 S.W.2d 623 (Tex. Cr. App. 1996). Appellant further argues that a trial court may dismis a charging instrument when a defendant-Appellant [Bruce Egrim Joseph] is denied due process, due course of law and statutory protection in this case herein.

p. 16 of 17.

## PAYER FOR RELIEF

Appellant respectfully prays this Court grant his Petition for Review and upon review to the Court of Criminal Appeals )( Court of Appeals erroneous in failed to notice the Appellee late Respondent late Judgment order to the Appellant, reverse the Judgment and remand to the trial Court for further proceedings.

Respectfully Submitted
Bruce Egrim Joseph
Bruce Egrim Joseph
TDCJ-ID#1411430 Appellant's DroSe
Neal Unit G1-22B
9055 Spur 591
Amarillo, TX 79107-9696

## CERTIFICATE OF SERVICE

I Certify that a true Copy of the above P.D.R. was served on the attorney of ~~Recored~~ record in accordance with the Texas Rule of Criminal Procedure on this 14 day of May 2015.

To: Fort County District Attorney's office
Mr. John Harrity (D.A)
309 South 4th Street Suite 258
Richmond, TX 77469

Respectfully Submitted
Bruce Egrim Joseph
Bruce Egrim Joseph
TDCJ-CID#1411430
Neal unit 9055 Spur 591
Amarillo, TX 79107-9696

To: Court Clerk of Travis County, TX
Ms Abel Acosta (Ct.Clerk)
Supreme Court Bldg 201 W. 14th st
P.O. Box 12308
Austin, TX 78711-2308

## INMATE DECLARATION

IN THE STATE OF TEXAS
COUNTY OF POTTER

I. Bruce Egrim Joseph TDCJ-ID#1411430 under the penalty of perjury that the foregoing is true and corrected to the best of my Knowledge and I am within Texas Dept of Crim Justice. Inst. Division at the Neal Unit 9055 Spur 591 Amarillo, Tx 79107-9696 Executed this 14 day of May 2015. (Higgs V. Randall Co. Sheriff office. 193 S.W. 3d 898, 899, 900 (Tex 2006).

Respectfully Submitted
Bruce Egrim Joseph

```
CSINIB02/CINIB02      TEXAS DEPARTMENT OF CRIMINAL JUSTICE        05/14/15
KN34/GJ00005                IN-FORMA-PAUPERIS DATA                07:57:27
TDCJ#: 01411430 SID#: 02846481 LOCATION: NEAL         INDIGENT DTE: 03/24/15
NAME: JOSEPH,BRUCE EGRIM                BEGINNING PERIOD: 11/01/14
PREVIOUS TDCJ NUMBERS: 00348284
CURRENT BAL:       0.36 TOT HOLD AMT:       0.00 3MTH TOT DEP:        0.00
6MTH DEP:         90.00) 6MTH AVG BAL:      8.53 6MTH AVG DEP:       15.00
MONTH HIGHEST BALANCE TOTAL DEPOSITS   MONTH HIGHEST BALANCE TOTAL DEPOSITS
04/15      24.25            0.00       01/15      51.73           50.00
03/15      27.33            0.00       12/14      15.07            0.00
02/15      27.33            0.00       11/14      15.07           40.00
PROCESS DATE    HOLD AMOUNT    HOLD DESCRIPTION
```

STATE OF TEXAS, COUNTY OF _Potter_
ON THIS THE 14th DAY OF _May_ 2015, I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE, AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: _01411430_   OR SID NUMBER: _____



Gerald Wayne Whitfield, Jr.
NOTARY PUBLIC,
STATE OF TEXAS
My Commission Expires 06-07-2015
NOTARY WITHOUT BOND



In The

## Court of Appeals

For The

## First District of Texas

---

NO. 01-14-00737-CR

---

BRUCE EGRIM JOSEPH, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Case No. 05-DCR-043408A

---

## MEMORANDUM OPINION

Appellant Bruce Egrim Joseph pleaded guilty to the felony offense of aggravated sexual assault and, pursuant to the terms of a plea agreement, was sentenced to 35 years' imprisonment on December 12, 2006. On July 8, 2014, the trial court signed an order denying Joseph's post-conviction "Motion and Request

for Post Conviction Forensic DNA Testing and Appointment of Counsel and Appointment of Investigator and to Permit the Examination of the Applicant and for Authority to Incur Expenses and to Testify Free From Impeachment by Prior Conviction." Joseph filed a pro se notice of appeal of the order on September 2, 2014. We dismiss the appeal for want of jurisdiction.

An appeal from a denial of a motion for DNA testing is treated in the same manner as an appeal of any other criminal matter. *See* TEX. CODE CRIM. PROC. ANN. art. 64.05 (West 2006). Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when a notice of appeal is filed within thirty days after the day the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1). The time within which to file the notice of appeal may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.3. Joseph did not file a motion for extension of time in this case.

Joseph's notice of appeal was due to have been filed on or before August 7, 2014. *See* TEX. R. APP. P. 26.2(a)(2). The notice of appeal filed by Joseph on September 2, 2014 (26 days after the deadline) was therefore untimely. This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent

a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Because Joseph's notice of appeal was not timely, we lack jurisdiction over this appeal.

Accordingly, the appeal is dismissed for want of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Higley, Bland, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).

Bruce Joseph
1411430
Neal Unit
9055 Spur 591
Amarillo, TX 79107-9696

TO: Ms Abel Acosta Cle
Travis County, TX
Supreme Court Bldg
P.O. Box 12308
Austin, TX 78711-2